IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN EDWARD BOYD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-0087 |
| | § | |
| JOEL RICHARDSON, | § | |
|    Randall County Sheriff, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS**

On May 15, 2013 petitioner's claims sounding in habeas corpus were severed from claims asserted in a prisoner civil rights case and placed in the instant cause.

By his petition, petitioner claims officers utilized excessive force in effectuating his arrest and then illegally searched his vehicle and his girlfriend's apartment. Petitioner requests all charges against him be dropped and he be released immediately.

On August 28, 2013, this Court temporarily granted petitioner permission to proceed in forma pauperis pending supplementation and gave petitioner twenty days in which to submit an application to proceed in forma pauperis along with an IFP Data Sheet showing the six-month history of his inmate trust account, pay the $5.00 filing fee, or submit evidence that petitioner has authorized the institution to disburse the requisite funds from his inmate trust account.

Petitioner was warned that failure to follow the order of the court would result in an immediate recommendation that his case be dismissed. As of this date, petitioner has not submitted either the $5.00 filing fee or a request to proceed without payment of the filing fee.

In fact, petitioner has not responded at all and the period for response expired September 17, 2013.

Petitioner is in direct disregard of Orders of the Court.  Moreover, petitioner has not communicated with the Court, in any manner, with regard to this case since his habeas claims were severed and this case was opened.  It is the opinion of the undersigned that petitioner has neglected his case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner STEVEN EDWARD BOYD be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of October 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).